1  ROBERT W. FREEMAN, ESQ.
Nevada Bar No. 03062
2  Email: Robert.Freeman@lewisbrisbois.com
PAMELA L. MCGAHA
3  Nevada Bar No. 08181
Email: Pamela.McGaha@lewisbrisbois.com
4  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
5  Las Vegas, Nevada 89118
702.893.3383
6  FAX: 702.893.3789
*Attorneys for Defendant*
7  *State Farm Mutual Automobile Insurance*
*Company*

8

9            UNITED STATES DISTRICT COURT

10               DISTRICT OF NEVADA

11

12  DARLING JENNIFER MICHAELS YEPES,     | CASE NO.:

13            Plaintiffs,                | PETITION FOR REMOVAL
                                         | UNDER 28 U.S.C. § 1441 (B)
14        vs.                            |
                                         | (Diversity Jurisdiction)
15  STATE FARM MUTUAL AUTOMOBILE         |
    INSURANCE COMPANY, and DOES I-X,     |
16  inclusive,                           |

17            Defendants.

18

19        Pursuant to 28 U.S.C.§ 1441 (b), Defendant, State Farm Mutual Automobile

20  Insurance Company ("State Farm"), by and through its attorneys, Lewis Brisbois Bisgaard

21  & Smith LLP, files this Petition for Removal of Clark County District Court Case No. A-16-

22  737261-C styled *Darling Jennifer Michaels Yepes, v. State Farm Mutual Automobile*

23  *Insurance Company*, and states as follows:

24        1.    On August 1, 2016, an action was commenced in the Eighth Judicial District

25  Court, Clark County, State of Nevada, entitled *Darling Jennifer Michaels Yepes, v. State*

26  *Farm Mutual Automobile Insurance Company*, Case No. A-16-737261-C ("State Court

27  Action").  Copies of the First Amended Complaint ("State Court Complaint"), Summons,

28  and Proof of Service are attached hereto and marked respectively as **Exhibits A, B, and**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-1063-6345.1

C, constituting all of the papers and pleadings served on Defendant State Farm.

2.     Service of the Summons and Complaint upon Defendant State Farm was made by the Division of Insurance on August 24, 2016.

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant State Farm pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.     Venue is appropriate in the unofficial Southern District of the Court pursuant to 28 U.S.C. §§ 1393 (b)(2) and (c), 1441 (a); and LR IA 6-1.

5.     In the State Court Action, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.   The Complaint in this action contains allegations that State Farm failed to meet its contractual obligations to Plaintiff arising from an insurance contract and that such actions constitute bad faith, for which Plaintiff seeks to recover general as well as punitive damages[1].   Plaintiff's First Amended Complaint affirmatively represents that the claim is an "Arbitration Exempt Claimed Amount in controversy in excess of $50,000." See, *Exhibit A*, p. 1, lines 15-16.

Plaintiff further alleges the reasonable value of her "past and anticipated medical bills alone are in excess of $50,000.00." *Id.* at p. 4, lines 9-11.   Plaintiff seeks contract benefits under the underinsured motorist ("UIM") provision of the insurance policy issued by State Farm, said policy has UIM limits of $50,000[2].   See, *Exhibit D*, Confirmation of

---

[1]  There are several cases analogous to this one in which a jury verdict of punitive damages support a finding in this case that Plaintiff's claimed damage amounts could exceed $75,000. *See, Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (U.S. 1991)(affirming nearly $1 million punitive damages award over insurer's mishandling of $4,000 medical claim); *Banker's Life & Cas. Co. v. Crewnshaw*, 486 U.S. 71 (U.S. 1988)(affirming punitive damages award of $1.6 million arising out of insurer's failure to pay a $20,000 medical claim).

[2]  Plaintiff's First Amended Complaint mistakenly identifies UIM limits of $25,000 in paragraph 13, p. 3, line 27. However, the same paragraph alleges Plaintiff's damages are $50,000. Plaintiff further alleges a "policy limits demand" was presented to State Farm with enough documentation provided to support payment of the policy limits. Id. at p, lines 1-5.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-1063-6345.1                                          2

Coverage.

In addition to seeking the UIM policy limits, Plaintiff's First Amended Complaint seeks damages of an amount in excess of $10,000 for each of the following claims: (1) breach of the covenant of good faith and fair dealing ('bad faith"); (2) violations of NRS 686A.310; and (3) punitive damages. Thus, <u>Plaintiff seeks a minimum of $30,000 related to the extra-contractual claims</u>. <u>**Combined with the amount of contract benefits sought ($50,000), Plaintiff seeks a minimum of $80,000 in damages, *without* consideration of Plaintiffs prayer to recover attorney's fees**</u>. As such, it is apparent from the type of damages alleged in the Complaint that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

Nevada Rule of Civil Procedure 8(a) prohibits the pleading of damages in any specific amount over $10,000.00. Because of this prohibition, the amount in controversy is often not apparent on the face of the complaint. However, Plaintiff's First Amended Complaint pleads damages of at least $80,000, which is sufficient to satisfy the jurisdictional requirements for removal to federal court.

A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, 2010 U.S. Dist. LEXIS 85073 (Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. *Id.* The pertinent question the Court is to ask is whether or not plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, 2013 U.S. Dist. LEXIS 60047 (Nev. 2013). As such, the appropriate figure to use in determining whether State Farm has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If State Farm can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to

1  award Plaintiff full recovery, that award would be over the jurisdiction threshold, then
2  jurisdiction with the Federal Court should remain.  As such, it is apparent from the type of
3  damages alleged in the Complaint that the amount in controversy is in excess of $75,000,
4  exclusive of interest and costs, and that State Farm has satisfied the jurisdictional
5  threshold.

6      6.     Defendant State Farm is informed and believes that Plaintiff was at the time
7  of filing of the State Court Action, and still is, a resident of Clark County, State of Nevada.
8  State Farm Mutual Automobile Insurance Company is an insurance company
9  incorporated in the State of Illinois, with its principle place of business in Illinois.

10     7.     Based on the foregoing, Defendant State Farm respectfully submits that (a)
11 there is diversity of citizenship between Plaintiff and Defendant State Farm and (b) the
12 amount in controversy exceeds $75,000.00.  This action is, therefore properly removed to
13 the United States District Court for the District of Nevada.

14                                INDEX

15 Exhibit "A":   Complaint - State Court Action
16 Exhibit "B":   Summons - State Court Action
17 Exhibit "C":   Proof of Service - State Court Action
18 Exhibit "D":   Confirmation of Coverage
19 DATED this 23rd day of September, 2016.

20
21                              LEWIS BRISBOIS BISGAARD & SMITH LLP
22                              By      /s/ Pamela L. McGaha
23                                      ROBERT W. FREEMAN, ESQ.
                                        Nevada Bar No. 03062
24                                      PAMELA L. MCGAHA
                                        Nevada Bar No. 08181
25                                      6385 S. Rainbow Boulevard, Suite 600
                                        Las Vegas, Nevada 89118
26                                      Attorneys for Defendant
                                        State Farm Mutual Automobile Ins. Co.
27
28

4811-1063-6345.1                        4

1

## CERTIFICATE OF SERVICE

2  I HEREBY CERTIFY that on the 23rd day of September 2016, I electronically filed

3  the **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (B) (Diversity Jurisdiction)**

4  with the Clerk of the Court through Case Management/Electronic Filing System.

5  Tony Abbatangelo, Esq.
   COLQUITT & ABBATANGELO, LTD.
6  321 S, Casino Center Blvd., Suite 112
   Las Vegas, Nevada 89101

7

8

                              By: */s/ Kristen Freeman*
9                                  An Employee of LEWIS BRISBOIS
                                   BISGAARD & SMITH LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-1063-6345.1