**PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (B)**

**Exhibit "A"**

**Complaint – State Court Action**

Electronically Filed
08/01/2016 01:27:54 PM

*[signature]*

**CLERK OF THE COURT**

1

**ACOM**
Tony Abbatangelo, Esq.

2   Nevada Bar No.: 003897
**COLQUITT & ABBATANGELO, LTD.**

3   321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101

4   Tel: (702) 384-1000

5   Fax: (702) 543-2197
Email: LasVegasLawOffice@gmail.com

6   *Attorney for Plaintiff*

RECEIVED

AUG 2 2 2016

DIVISION OF INSURANCE
STATE OF NEVADA

7                                  **DITRICT COURT**

8                            **CLARK COUNTY, NEVADA**

9   DARLING JENNIFER MICHAELS YEPES,

10                                    Plaintiff,          Case No.: A-16-737261-C

11  vs.                                                   Dept No.: XXXI

12
STATE FARM MUTUAL AUTOMOBILE

13  INSURANCE COMPANY,
DOES 1-100, ROE ENTITIES 1-100,

14  Inclusive,
                                                          **Arbitration Exempt Claimed Amount in**

15                                    Defendants.         **controversy in excess of $50,000**

16
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

17
        COMES NOW, Plaintiff DARLING JENNIFER MICHAELS YEPES, by and through

18
her undersigned attorneys, RONALD A. COLQUITT, ESQ. and TONY L. ABBATANGELO,

19
ESQ. and submits her First Amended Complaint  against the Defendant STATE FARM

20
21  MUTUAL AUTOMOBILE INSURANCE COMPANY, DOES 1-100, ROE ENTITIES 1-100,

22  and each of them, for damages, including punitive damages, alleges, on information and belief,

23  as follows:

24      1.      At all times relevant herein, Plaintiff is and remains, a resident of Las Vegas,

25          Clark County, Nevada.

26
        2.      The Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE

27
28          COMPANY is an entity who was and still is authorized to do business under and by

Page 1 of 8

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1000  FAX: (702) 543-2197

virtue of the laws of the State of Nevada and is licensed to transact insurance business within Clark County, Nevada.

3.          The true names and capacities of Defendants DOES 1 through 100 and ROE ENTITIES 1 through 100, inclusive, are unknown at this time and may be individuals, partnerships, corporations or other entities. The Plaintiffs allege that each of the Defendants designated herein as DOES and/or ROE ENTITIES, Defendants are responsible in some manner for the damages as herein alleged and is further the agent, servant, master, employee or employer of one another, and is operating within the course and scope of their duties or is otherwise established in another type of relationship that will support a finding of joint and several liability. The Plaintiff request leave of the Court, if necessary, to amend the Complaint to name the Defendants when their identities become known.

4.          That at all times relevant herein, HURATHAI JAROENSUK, was a licensed driver of a motor vehicle being operated on a public street in Clark County, Nevada, was and is a resident of the State of Nevada.  HURATHAI JAROENSUK is not considered a party to this adversarial action other than as a potential witness at trial.

5.          That at all times relevant hereto, the below-described incident, and all facts that form   the basis of this action occurred in the State of Nevada.

6.          That on or about December 11, 2014, in Clark County, Nevada, HURATHAI JAROENSUK was operating a vehicle in such a negligent, reckless and careless manner so as to cause it to collide into a vehicle operated by Plaintiff, DARLING JENNIFER MICHAELS YEPES.

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1000 FAX: (702) 543-2197

7.      That at the above-mentioned time and place, HURATHAI JAROENSUK did violate the laws of the State of Nevada governing his conduct under the circumstances and are thereby deemed to be negligent per se.

8.      That as a direct and proximate result of the aforesaid negligence of HURATHAI JAROENSUK, Plaintiff suffered extreme and serious permanent injuries, great pain, loss of consortium, and anxiety. Her damages are both general and special.

9.      That as direct and proximate result of the aforesaid negligence of HURATHAI JAROENSUK Plaintiff, was required to seek and incur expenses for and to employ physicians, nurses, physical therapists, x-rays, MRIs, medicine and general medical care and expenses in excess of TEN THOUSAND DOLLARS ($10,000.00).

10.     That on or about February 1, 2015, by virtue of negotiations through counsel Plaintiff was able to obtain a policy limits settlement of FIFTEEN THOUSAND DOLLARS ($15,000.00). That as a result of said settlement, Plaintiff, executed a Full and Final Release of All Claims in favor of HURATHAI JAROENSUK, and State Farm Insurance Company.

11.     That the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY issued an insurance policy to the Plaintiff, prior to the accident of December 11, 2014.

12.     That the plaintiff provided the defendant STATE FARM, with all pertinent information required of her.

13.     Plaintiff, through counsel submitted extensive medical bills and medical records, sufficient to demonstrate damages in excess of $50,000. Said UIM policy covered all damages up to $ 25,000.00.

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1000 FAX: (702) 543-2197

14.     That Plaintiff sent a UIM policy limits demand that the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE, to pay the sum of $25,000.00 to settle her claims or uncap the policy.  Plaintiff's request was fully documented, with all relevant information necessary to easily justify the policy limit demand.

15.     However, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in 2016, refused to even provide an evaluation of her claim, even without offsets, making bad faith claims that they did not have all the information. This was an unreasonable and insulting rejection of the claim, and the reasonable value of past and anticipated medical bills alone are in excess of $50,000.00.  The Plaintiff has permanent injuries, and this offer substantially and egregiously understates the value of her claim.

16.     That the defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S refusal to promptly pay reasonable compensation his injuries constitutes breach of contract, bad faith, and the Plaintiff, a covered party under this policy, constitutes breach of contract, bad faith, for which he now sues and seeks punitive damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

17.     Further, that the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S refusal to honor its contractual duty to resolve this claim fairly and expeditiously, and this refusal constitutes a breach of contract all to his damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

### FIRST CAUSE OF ACTION
**Breach of Contract Against State Farm Mutual Insurance Automobile Company**

18.     Plaintiff repeats and realleges each and every allegation in the prior paragraphs as if fully set out therein.

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1000 FAX: (702) 543-2197

19. That the policy entered into between the Plaintiff and Defendant constitutes a contractual relationship.

20. That all duties and conditions precedent required under the contractual relationship have been fulfilled.

21. That the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in refusing to promptly and fairly compensate the plaintiff for his injuries, has not performed as agreed, despite the demands and herculean cooperation and compliance.

22. That the Defendant's actions constitute a breach of contract, breach of the contractual relationship and breach of the agreement between the parties.

23. That as a result the Plaintiff, DARLING JENNIFER MICHAELS YEPES. has been damaged in excess of TEN THOUSAND DOLLARS ($10,000.00),

24. That Plaintiff obtained the services of an attorney, and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY should be required to pay attorney's fees, due to the Defendant's breach.

## SECOND CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealings against State Farm Mutual Automobile Insurance Company

25. Plaintiff repeats and realleges each and every allegation the prior paragraphs as if fully set out therein.

26. That Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, owed a duty of good faith and fair dealing, inherent in the contractual relationship, to Plaintiffs.

27. That the Defendant breached its implied covenant of good faith and fair

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1000 FAX: (702) 543-2197

dealing owed to Plaintiff and, as a direct or proximate result thereof. The Plaintiff, DARLING JENNIFER MICHAELS YEPES. has been damaged in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

28.     That the Defendant's actions, their agents, attorneys, and others known and unknown, were oppressive, willful and intentional, or done with reckless disregard for the truth and Due Process, disregard for the possible consequences thereof and, as such, punitive damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00) should be awarded to punish Defendants and by way of example.

### THIRD CAUSE OF ACTION
#### Specific Performance

29.     Plaintiff hereby realleges the prior paragraphs as if fully set out therein.

30.     That at all times relevant herein, Plaintiff complied with her contractual obligations by timely paying premiums.

31.     Defendants, known and unknown, have breached their contractual obligations with Plaintiff through its acts or omissions including but not limited to failing to provide fair compensation for his injuries.

32.     That as a direct and proximate result of the breach of duty of Defendant STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff has been damaged in an amount in excess of TEN THOUSAND DOLLARS ($10,000).

33.     That Plaintiff requests that this Court require Defendants, and each of them, to specifically perform as required under the contract and pay his fair compensation for his injuries.

### FOURTH CAUSE OF ACTION
#### Bad Faith against State Farm Mutual Automobile Insurance Company

34.     Plaintiff realleges the prior paragraphs as if fully set out therein.

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1600 FAX: (702) 543-2197

35.    That NRS 686A.310 holds that an insurance company engages in unfair practices by failing to effectuate prompt, fair and equitable settlement of claims in which liability of the insurer has become reasonably clear.

36.    That it was more than reasonably clear that the Plaintiff's damages are at least in excess of $50,000.00.

37.    That the Defendant did not fairly and equitably attempt to settle this claim, instead engaged in an unfair and biased investigation, calculated to deny full coverage.

38.    That said actions constitute bad faith, and the Defendant should be awarded to pay substantial damages in excess of TEN THOUSAND DOLLARS ($10,000.00), to deter future conduct, and by way of example.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment

39.    Plaintiff realleges the prior paragraphs as if fully set out therein.

40.    That the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, received premiums from the Defendant, and did not fulfill their contractual obligations, despite the retention of premiums.

41.    That the Defendant's actions in retaining the premiums and while not fairly attempting to compensate this claim constitutes an unjust enrichment.

42.    That this unjust enrichment and conversion is willful and wanton, and the Plaintiff is entitled to punitive and exemplary damages by way of example.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, who expressly reserves her right to amend this Complaint at the time of trial to include additional parties and all items of damage not yet ascertainable, demands Judgment against Defendants, and each of them, as follows:

Page 7 of 8

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1600 FAX: (702) 543-2197

1.    For damages against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00),

2.    For specific performance of the contract, requiring the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to pay the claim and all costs related and associated thereof,

3.    For damages for breach of contract, in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00),

4.    For punitive damages for bad faith, breach of covenant of good faith and fair dealing, unjust enrichment and conversion in excess of TEN THOUSAND DOLLARS (S10, 000.00),

5.    For reasonable attorney's fees, costs of suit incurred herein, and prejudgment interest, and,

6.    For such other and further relief as the Court may deem just and equitable.

DATED this 1st day of August, 2016

COLQUITT AND ABBATANGELO

    /s/ Ronald A. Colquitt, Esq.
RONALD A. COLQUITT, ESQ.
Nevada Bar No. 004953
321 S. Casino Center Blvd., #112
Las Vegas, Nevada 89101
Tel: (702) 384-1000
Fax: (702) 543-2197
LasVegasLawOffice@gmail.com
Attorneys for Plaintiff

COLQUITT & ABBATANGELO, LTD.
321 S. Casino Center Blvd., Ste. 112
Las Vegas, Nevada 89101
Tel: (702) 384-1000. FAX: (702) 543-2197